IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR GASTELUM, | No. 2:24-CV-1425-DMC |
| Plaintiff, | |
| v. | ORDER |
| BUTTE COUNTY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's motion for leave to file a first amended complaint. See ECF No. 20. A proposed first amended complaint has been submitted with the motion. See ECF No. 20-1 (Exhibit A). Defendants Butte County, Butte County Sheriff's Office (BCSO) detective Tristan Harper, and BCSO sergeant Patrick McNelis (collectively the Butte County Defendants) have filed a partial opposition. See ECF No. 21. Plaintiff has filed a reply. See ECF No. 22. The parties appeared before the undersigned for a hearing on October 15, 2025, via Zoom. Joseph Manuel, Esq., appeared for Plaintiff. Megan Boelter, Esq., appeared for the Butte County Defendants. After hearing arguments from the parties, the matter was submitted.

///

///

///

1

1    The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion.  See E. Dist. Cal. Local Rule 137(c).

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

## I.  BACKGROUND

This action proceeds on Plaintiff's original complaint filed on May 20, 2024.  See ECF No. 1.  Plaintiff alleges that he was visiting the home of a friend, Heather Pello, on May 26, 2022, when Butte County Sheriff's Office deputies "burst in with guns drawn and proceeded to verbally abuse and threaten Ms. Pello." Id. at 3.   Plaintiff was present at the time.  See id.  Ms. Pello was handcuffed while officers conducted a search.  See id.  Plaintiff was in the bedroom when officers handcuffed him and pointed a gun towards him.  See id.  The officers arrived at approximately 11:20 a.m. and left at approximately 12:26 p.m. after releasing Ms. Pelo and Plaintiff.  See id.  The gravamen of Plaintiff's complaint is that the officers

arrived at the wrong address and were actually intending to serve a "Ramey warrant" on an individual named Kerry Thao. Id. at 4. Plaintiff asserts a single claim for unlawful search and seizure in violation of the Fourth Amendment. See id. at 5-7.

The Butte County Defendants filed their answer on July 8, 2024. See ECF No. 6. Following consent of all parties and reassignment of the action, an amended scheduling order was issued on October 29, 2024. See ECF No. 19. Non-expert discovery closed on August 30, 2025. See id. Expert discovery closes on February 13, 2026. See id. A pre-trial conference is set for October 15, 2026. See id. A jury trial is scheduled to commence on November 16, 2026. See id.

## II. DISCUSSION

In his motion for leave to amend, Plaintiff seeks leave of the Court to add additional defendants and an additional Plaintiff, Ms. Pello. See ECF No. 20. Specifically, Plaintiff seeks to add the following as new defendants: (1) California State University Chico Police Department (CSUPD); (2) CSUPD officer Bryce Davison; (3) CSUPD officer Durl White; (4) CSUPD officer Willam Kolb; and (5) CSUPD officer Kimberly Biswell (collectively the CSUPD Defendants). See ECR No. 20-1, pg. 3 (proposed first amended complaint at Exhibit A).

Plaintiff asks that the action proceed on the following claims:

| | | |
|---|---|---|
| Count I | Gastelum's Fourth Amendment claim against the County Defendants (the original claim). | |
| Count II | Gastelum's Fourth Amendment claim against the CSUPD Defendants. | |
| Count III | Pello's Fourth Amendment claim against the CSUPD Defendants. | |
| Count IV | Gastelum's conspiracy claim against the County Defendants and the CSUPD Defendants. | |
| Count V | Pello's conspiracy claim against the CSUPD Defendants. | |
| Count VI | Pello's false imprisonment claim against the CSUPD Defendants. | |

3

|   |   |   |
|---|---|---|
| Count VII | Pello's assault claim against the CSUPD Defendants. |
| Count VIII | Pello's battery claim against the CSUPD Defendants. |
| Count IX | Pello's invasion of privacy claim against the CSUPD Defendants. |
| Count X | Pello's trespass claim against the CSUPD Defendants. |
| Count XI | Pello's intentional infliction of emotional distress claim against the CSUPD Defendants. |
| Count XII | Pello's negligent infliction of emotional distress claim against the CSUPD Defendants. |
| Count XIII | Pello's Bane Act claim against the CSUPD Defendants. |

ECF No. 20-1, pgs. 7-13.

Ms. Pello does not seek to be added to the litigation as to claims against the Butte County Defendants. See ECF No. 20. According to Plaintiff Gastelum, Ms. Pello reached a settlement of such claims in August 2023 in a separate action, Pello v. Butte County, et al., 2:23-cv-0130-KJM-DMC.

Plaintiff Gastelum asserts that amendment is appropriate because he only learned at a recent deposition that CSUPD officers were involved in the May 2022 incident, and he had been previously told in 2022 prior to filing the instant action that BCSO officers were the only ones involved in the incident. See ECF No. 20, pg. 2; see also ECF No. 20-2 (June 20, 2022, letter from Shelley Kenner, the CSUPD Record and Property Analyst, Exhibit B) and ECF No. 20-3 (deposition transcript excerpt, Exhibit C). Plaintiff Gastelum does not provide the Court with the date of the recent deposition. According to Plaintiff Gastelum, the CSUPD Defendants fraudulently concealed their involvement. See ECF No. 20, pg. 4.

The Butte County Defendants do not oppose Plaintiff Gastelum's request to add claims on his own behalf against the CSUPD Defendants (Counts II and IV). See ECF No. 21, pg. 1. The Butte County Defendants, however, oppose adding Ms. Pello as a plaintiff to this action. See id. at 2-4. According to the Butte County Defendants, amendment should be denied because: (1) Pello's case against them has been resolved; and (2) Pello's claims against the CSUPD Defendants are barred by the statute of limitations. See id. The Butte County

Defendants' first argument – that Pello's case against them has been resolved in a separate action – is not persuasive because Ms. Pello does not seek to relitigate those claims. Rather, as made clear in the motion for leave to amend and at the hearing, Ms. Pello seeks to pursue claims against the CSUPD Defendants only. These claims were not the subject of the prior lawsuit by Ms. Pello against the Butte County Defendants which settled in August 2023. Thus, contrary to the Butte County Defendants' contention, allowing Ms. Pello to proceed on new claims against the CSUPD Defendants would not result in relitigating previously resolved claims.

As to the statute of limitations, this argument is more appropriately made by the CSUPD Defendants, not the Butte County Defendants, as no new claims are being made against them by Ms. Pello. Moreover, Plaintiff has presented a good faith argument of fraudulent concealment, which could result in tolling of the statute of limitations should the defense be raised by the CSUPD Defendants.

Based on the foregoing, the Court finds that leave to amend is warranted. Plaintiff's motion will be granted.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file a first amended complaint, ECF No. 20, is granted.

2. The Clerk of the Court is directed to file the first amended complaint submitted at ECF No. 20-1.

3. The Clerk of the Court is directed to update the docket to reflect the addition of Heather Pello as a plaintiff.

4. The Clerk of the Court is directed to issue summons for the following new defendants: (a) California State University Chico Police Department; (b) Officer Bryce Davison; (c) Officer Durl White; (d) Officer William Kolb; and (e) Officer Kimberly Biswell. / / /

5. Service of process on the new defendants shall be promptly accomplished pursuant to the Federal Rules of Civil Procedure.

6. The Butte County Defendants shall file a response to the first amended complaint within 30 days of the date of this order.

7. Non-expert discovery, which closed on August 30, 2025, as to Plaintiff Gastelum's original claim against the Butte County Defendants, is re-opened but only as to new claims by both plaintiffs against the newly named defendants.

8. Upon the appearances of the newly named defendants, the Court will set a further scheduling conference to discuss any necessary adjustments to the current case schedule.

Dated: November 17, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE