IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR GASTELUM, et al., | No. 2:24-CV-1425-DMC |
| Plaintiffs, | |
| v. | ORDER |
| BUTTE COUNTY, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding with retained counsel, brings this civil action. Three matters are before the Court. First is Plaintiffs' motion for leave to file a second amended complaint to cure a technical defect as to the correct a defendant's name listed in the operative first amended complaint. See ECF No. 35. This motion is set for hearing before the undersigned on February 4, 2026. See id. Second is Plaintiffs' "Informal Discovery Dispute Letter Brief" concerning the scope of fact discovery which was re-opened for a limited purpose in the Court's November 17, 2025, order granting leave to file a first amended complaint. See ECF No. 28. Defendants Butte County, Butte County Sheriff's Office detective Tristan Harper, and BCSO sergeant Patrick McNelis (collectively the Butte County Defendants) have filed a response, see ECF No. 29, and Plaintiff has filed a reply, see ECF No. 31. Third is the Butte County Defendants' application for an extension of time to file a response to Plaintiffs' first amended complaint. See ECF No. 36.

## I. RELEVANT PROCEDURAL HISTORY

This action currently proceeds on Plaintiffs' first amended complaint, filed on November 17, 2025, pursuant to the Court's order granting leave to amend. See ECF Nos. 25 (order) and 26 (first amended complaint). Leave to amend was granted to add a new plaintiff, Ms. Pello, and new claims by both plaintiffs against new defendants associated with the California State University Chico Police Department (collectively the CSUPD Defendants). Among new claims added in the first amended complaint is Plaintiff Gastelum's conspiracy claim (Count IV) against the Butte County Defendants and newly added CSUPD Defendants.[1] In the Court's order granting leave to amend, the Court re-opened non-expert discovery, which had closed in August 2025, "but only as to new claims by both plaintiffs against the newly named defendants." ECF No. 25, pg. 6.

As to scheduling, currently non-expert discovery is open as described above. Expert discovery deadlines have been vacated pending discussions with all parties at an upcoming scheduling conference to be set following the appearance of newly added defendants. Upon the appearance of newly added defendants, the Court will hold a scheduling conference to set deadlines for both non-expert and expert discovery. Pursuant to the Court's October 29, 2024, amended scheduling order, the following deadlines remain in place:

| | |
|---|---|
| May 15, 2026 | Last day to file dispositive motions. |
| October 15, 2026 | Pre-trial conference. |
| November 16, 2026 | Commencement of jury trial. |

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The first amended complaint also contains Plaintiff Pello's conspiracy claim. This claim is alleged as against the newly added CSUPD Defendants only because Ms. Pello, in a separate action on her own behalf, previously reached a settlement with the Butte County Defendants as to all of her claims against them.

**II. DISCUSSION**

<u>Motion for Leave to File a Second Amended Complaint</u>

Plaintiffs seek leave to file a second amended complaint to cure a defect as to the newly named CSUPD Defendants.  See ECF No. 35.  Specifically, Plaintiffs' proposed second amended complaint would accomplish the following:  (1) correct the naming of Defendant California State University Chico Police Department to Board of Trustees of the California State University, which Plaintiffs assert is the proper legal entity pursuant to guidance from the California State University Office of General Counsel; and (2) make confirming changes throughout the complaint to reflect the correction.  See id.  Plaintiffs assert that the proposed amendment involves a misnomer correction only and does not include any new claims or parties.  See id. at 3.  In their application for an extension of time to respond to the operative first amended complaint, the Butte County Defendants state that they do not oppose Plaintiffs' request to file a second amended complaint for misnomer correction.  See ECF No. 36, pg. 2 ("Counsel for the County Defendants told Plaintiff's counsel they would not oppose the motion").[2]

Federal Rule of Civil Procedure 15 allows for an amended complaint upon stipulation of the parties.  See Fed. R. Civ. P. 15(a)(2).  Here, the Court construes the Butte County Defendants' statement of non-opposition to Plaintiffs' motion for leave to file a second amended complaint as their stipulation that a second amended complaint is warranted.[3]  Accordingly, the Court will grant Plaintiff's motion for leave to amend pursuant to stipulation of the parties, vacate the February 4, 2026, hearing, direct the Clerk of the Court to file the proposed second amended complaint at ECF N0. 35-1, and direct the Clerk of the Court to issue summons

---

[2]   Defense counsel states that she made this representation on December 13.  See ECF No. 36-2, pg. 2 (Declaration of Megan Boelter.  The Court notes that a promptly filed Notice of Non-Opposition would have obviated the need for Plaintiffs to file a formal motion for leave to amend, as well as Defendants' subsequent request for an extension of time to file a response to the first amended complaint.

[3]   Given the Butte County Defendants' non-opposition, the Court is puzzled as to why a formal stipulation was not prepared.  A formal stipulation would have obviated the need for Plaintiffs to notice a formal motion for hearing in February 2026 and would have mooted the need for an extension of time to respond to the first amended complaint.  The parties are encouraged, when possible, to resolve disputes of this nature by way of stipulation where the rules allow for such non-judicial resolution, as Rule 15 does in this instance.

as to Board of Trustees of the California State University.

### Scope of Re-Opened Non-Expert Discovery

The parties have filed what they describe as informal letter briefs regarding a dispute over the scope of reopened non-expert discovery. See ECF Nos. 28, 29, and 31. The Court construes these filings as a fully briefed motion for clarification of the Court's November 17, 2025, order granting leave to file a first amended complaint. The Court also determines that a hearing is not necessary. See E. Dist. Cal. Local Rule 230(g).

As outlined above, the Court ordered that non-expert discovery be re-opened for a limited purpose. Specifically, the Court has reopened fact discovery as to new claims by both plaintiffs against the newly added defendants. Among new claims added is Count IV – Plaintiff Gastelum's conspiracy claim against the Butte County Defendants and newly added defendants. In Plaintiffs' brief (construed as a motion for clarification), Plaintiffs contend that they should be permitted to conduct discovery on Count IV as against the newly added defendants as well as the original Butte County Defendants. According to Plaintiffs:

> A conspiracy, by definition, requires two or more parties. Proving a conspiracy between two law enforcement agencies requires discovery from both agencies. Any interpretation of the Order that authorizes a conspiracy claim while prohibiting discovery from half of the alleged conspirators would render the claim unenforceable—a result the Court could not have intended.

ECF No. 28, pg. 2.

Interestingly, though the first amended complaint also proceeds on Ms. Pellos conspiracy claim against the newly added defendants (her claims against the Butte County Defendants have been resolved in a previous lawsuit), Plaintiffs do not seek to allow further discovery from the Butte County Defendants on Ms. Pello's conspiracy claim under the argument presented above.

Plaintiffs assert that they are unable to prove Mr. Gastelum's conspiracy claim absent reciprocal discovery from all defendants. Plaintiffs cite no authority in support of this proposition, which the Court finds unpersuasive. It is possible for a claim to allege a conspiracy against one party defendant based on a meeting of the minds with a non-party. Whether such a

4

meeting of minds occurred can be discerned by way of discovery directed to the party defendant. Such evidence could be sufficient to establish a plaintiff's burden of proof absent discovery as to the non-party actor. As the Butte County Defendants persuasively note: "If there were 'shared objectives' and 'coordinated action' such evidence would be found through discovery from the Chico State Police Department." ECF No. 29, pg. 3. This observation is consistent with the fact that Plaintiff Pello does not seek to expand the scope of fact discovery as to her conspiracy claim against the newly added defendants.[4]

Finally, the Court notes that, though the issue of the scope of re-opened discovery was discussed at the hearing on the motion for leave to file the first amended complaint, and the Court made its ruling clear at that time, neither side sought clarification regarding either plaintiff's conspiracy claim. The Court has made its ruling clear and finds that further clarification or broadening the scope of re-opened fact discover is not warranted.

<u>Deadline to Respond to First Amended Complaint</u>

Given the Court's direction that the action proceeds on the proposed second amended complaint, which the Clerk of the Court will be directed to file, the Butte County Defendants' request for an extension of time to respond to the first amended complaint is rendered moot and will be denied as such. The Butte County Defendants will be directed to file a response to the second amended complaint permitted by this order.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. The hearing set for February 4, 2026, at 10:00 a.m., is VACATED.

2. Plaintiffs' unopposed motion to file a second amended complaint, ECF No. 35, is GRANTED.

3. The Clerk of the Court is directed to file the second amended complaint submitted at ECF No. 35-1.

---

[4] Plaintiffs' inconsistent position as to the conspiracy claims asserted by Mr. Gastelum and Ms. Pello belies the need for clarification as to the scope of re-opened discovery.

4. The Clerk of the Court is directed to terminate California State University Chico Police Department as a defendant and to add Board of Trustees of the California Sate University as a defendant.

5. The Clerk of the Court is directed to issue summons for Board of Trustees of the California State University.

6. Service of process on Board of Trustees of the California State University shall be promptly accomplished pursuant to the Federal Rules of Civil Procedure.

7. The Butte County Defendants application for an extension of time to file a response to the first amended complaint, ECF No. 36, is DENIED as moot.

8. The Butte County Defendant shall file a response to the second amended complaint within 30 days of the date of this order.

9. Plaintiffs' letter brief, ECF No. 28, which is construed as a motion for clarification of the Court's November 17, 2025, order, is DENIED.

10. The Clerk of the Court is directed to terminate ECF Nos. 28, 31, 25, and 26, as pending motions.

Dated: December 18, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE