**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR GASTELUM, et al.,<br>Plaintiffs,<br>v.<br>BUTTE COUNTY, et al.,<br>Defendants. | No. 2:24-CV-1425-DMC<br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. All parties have consented to Magistrate Judge jurisdiction. Pending before the Court is the motion to dismiss filed by Defendants Board of Trustees of the California State University, Davidson, White, Kolb, and Biswell (State Defendants). See ECF No. 42. Plaintiffs have filed an opposition brief. See ECF No. 43. The State Defendants have filed a reply. See ECF No. 44. On the direction of the Court, the parties have filed supplemental briefs and exhibits. See ECF Nos. 47, 48, and 50.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All

ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the Court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. **Procedural History**

Plaintiff Gastelum initiated this action with a complaint filed on May 20, 2024. See ECF No. 1. In the original complaint, Plaintiff named the following as defendants: Butte County, Butte County Detective Tristan Harper, and Butte County Sergeant Patrick McNelis (County Defendants). See id. at 1, 2. The County Defendants filed their answer on July 8, 2024. See ECF No. 6.

On August 12, 2025, after the case had been scheduled and on the eve of the non-expert discovery cut-off deadline, Plaintiff Gastelum sought leave to amend to name an additional Plaintiff and additional defendants. See ECF No. 20. Following a hearing on October 25, 2025, the Court issued an order on November 17, 2025, granting Plaintiff Gastelum's motion and permitting the filing of a first amended complaint naming Heather Pello as an additional plaintiff and naming the State Defendants as additional defendants. See ECF No. 25. Plaintiffs' first amended complaint was filed that same day. See ECF No. 26. On stipulation of the parties, Plaintiffs filed a second amended complaint on December 18, 2025, to correct the identity of a defendant which had been misnamed in the first amended complaint. See ECF No. 38. Specifically, the second amended complaint named the Board of Trustees of the California State University in place of misnamed California State University Chico Police Department and made conforming changes. See id. The County Defendants filed their answer to the second amended complaint on January 16, 2026. See ECF No. 41. The State Defendants filed the pending motion to dismiss on January 26, 2026. See ECF No. 42.

/ / /

/ / /

On December 1, 2025, the Court issued an order modifying the operative schedule for this case. See ECF No. 34. Pursuant to that order, all deadlines associated with discovery have been vacated. See id. The May 15, 2026, deadline for hearing dispositive motions remains in place as set forth in the Court's prior scheduling order. See id.; see also ECF No. 19 (prior scheduling order). Also currently in place are the pre-trial conference set for October 15, 2026, and a jury trial set to commence on November 16, 2026. See id.

While the State Defendants' motion to dismiss was still pending, the County Defendants fled a motion for summary judgment on May 15, 2026. See ECF No. 51. The hearing on that motion has been vacated and the matter submitted for decision without oral argument pending submission of additional briefing. See ECF No. 58.

**B. Plaintiffs' Allegations**

Plaintiff Gastelum alleges that he was visiting the home of a friend, Plaintiff Pello, on May 26, 2022, when Butte County Sheriff's Office deputies and California State University Police Department (CSUPD) officers "burst in with guns drawn and proceeded to verbally abuse and threaten Ms. Pello." ECF No. 38, pg. 4. Plaintiff Pello was handcuffed while officers conducted a search. See id. Plaintiff Gastelum was in the bedroom when officers handcuffed him and pointed a gun at him. See id. The officers arrived at approximately 11:20 a.m. and left at approximately 12:26 p.m. See id. The gravamen of Plaintiffs' complaint is that the officers arrived at the wrong address and were actually intending to serve a "Ramey warrant" on an individual named Kerry Thao. Id. at 5.

Plaintiffs further allege in the second amended complaint that CSUPD made misleading representations regarding its officers' involvement in the incident. See id. at 6. According to Plaintiffs, following the incident they made a public records request to ascertain the identities of agencies involved. See id. Specifically, Plaintiffs allege as follows in the operative second amended complaint which is the subject of the pending motion to dismiss:

> 52. Following the incident, counsel for Plaintiffs made public records requests to ascertain which law enforcement agencies and officers were involved in the constitutional violations.

/ / /

> 53. On June 20, 2022, CSUPD Records and Property Analyst Shelley Keener provided a misleading letter in response to a public records request, stating: "My understanding of the incident is that members of the Butte County Sheriff's Office, who were assisting us in this case, were the ones who went to the incorrect apartment unit."
>
> 54. This representation was false and misleading, as it suggested that CSUPD officers did not participate in going to the incorrect apartment and searching it, when in fact CSUPD officers were present and actively participated in the unlawful entry and search.
>
> 55. CSUPD's misleading representation was apparently designed to deflect liability and prevent CSUPD from being named as a defendant in civil rights litigation arising from the incident.
>
> 56. Based on CSUPD's misleading representation, counsel initially did not include CSUPD as a defendant in this action.
>
> 57. Subsequent discovery, including deposition testimony where defense counsel specifically referenced "an officer from the Chico State Police Department" being present, revealed that CSUPD officers were in fact active participants in the constitutional violations.
>
> 58. Through additional records requests, counsel learned the identities of the CSUPD officers present: Sergeant (now Lieutenant) Bryce Davison (Unit S2), Officer (now Sergeant) Durl White (Unit 31), Sergeant William Kolb (Unit S1), and Officer Kimberly Biswell (Unit 30).
>
> 59. CSUPD's fraudulent concealment of their officers' participation vitiates any claimed protection under Plaintiff PELLO's settlement agreement with Butte County, as parties cannot benefit from their own misrepresentation to avoid liability.
>
> ECF No. 38, pg. 6.

## II. DISCUSSION

In their motion to dismiss the second amended complaint, the State Defendants argue: (1) all claims against them are time-barred; (2) Plaintiffs fail to allege facts to sustain federal claims against them; (3) Plaintiffs' federal claims are barred by the Eleventh Amendment to the extent they are asserted against the California State University; (4) Plaintiffs' federal claims are barred by the doctrine of qualified immunity to the extent they are asserted against CSUPD officers Davidson, White, Kolb, and Biswell; (5) Plaintiffs' state law claims against them are barred for failure to comply with the California Tort Claims Act. See

ECF No. 42. The Court finds the statute of limitations argument to be dispositive.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

The State Defendants' primary argument is that all claims against them are time-barred by California's two-year statute of limitations. See id. at 7-9. According to the State Defendants:

> Both Plaintiffs were present at Ms. Pello's apartment on May 26, 2022. SAC at ¶¶ 21-22. There is no allegation within the December 18, 2025, SAC that any law enforcement officer present on scene obscured his or her badge or otherwise attempted to obfuscate identity, nor is there an allegation that either Ms. Pello or Mr. Gastelum was unable to observe the officers for any reason. Additionally, in investigating his clients' claims, counsel for Plaintiffs was in possession of a CAD report showing multiple CSU officers were involved in the May 26, 2022, incident. ECF No. 20-2, p. 3.[1]

[1] ECF No. 20-2 is Exhibit B offered in support of Plaintiffs' motion for leave to amend the original complaint to add Pello as a plaintiff and to name the State Defendants as defendants. Exhibit B is Ms. Keener's June 20, 2022, letter informing Plaintiffs' counsel that, to her knowledge, BCSO officers were the only ones who were involved with the May 26, 2022, incident. See ECF No. 20-2. Ms. Keener's included with her letter a copy of a "CAD Incident Report," also dated June 20, 2022, prepared by CSUPD describing the incident. See id.

> Plaintiffs, therefore, knew of the injury forming the basis of their suit and the potential defendants to name from the time their injury accrued. Certainly, their counsel was aware that the State Defendants were involved somehow, as he sought records from CSU relating to the incident. ECF No. 20-2. Upon receiving the CAD report, counsel could have continued to investigate regarding the identity of the officers identified and sought further information via the discovery process. Pursuant to the applicable two-year statute of limitations, Plaintiffs could have filed suit at any point before May 26, 2024. Instead, the State Defendants were not sued for another nineteen months after the statute expired; less than a year before trial and only five months before the dispositive motion filing deadline. ECF No. 37, p. 2. Plaintiffs' lack of diligence in prosecuting their claims bars their suit against the State Defendants and requires that the instant motion be granted without leave to amend.
>
> ECF No. 42, pgs. 7-8.

In their opposition, Plaintiffs argue that the State Defendants are equitably estopped under the doctrine of fraudulent concealment from asserting the status of limitations defense. See ECF No. 43, pgs. 4-7. Specifically, Plaintiffs assert: CSUPD engaged in affirmative concealment; Plaintiffs acted diligently; the CAD report corroborated, rather than contradicted, Ms. Keener's representation; and Plaintiffs relied on the concealment to their detriment. See id. These allegations are also contained with the operative second amended complaint. See ECF No. 38, pg. 7, ¶¶ 52-59.

In the Ninth Circuit, equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006). To make out a claim of fraudulent concealment, the plaintiff "must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts." Rutledge v. Boston Woven Hose and Rubber Co., 576 F.2d 248, 250 (9th Cir.1978); see also Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415 (9th Cir. 1987). Additionally, the plaintiff "must allege facts showing affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." Id.; see also Conerly v. Westinghouse Electric Corp., 623 F.2d 117, 120 (9th Cir.1980)."

/ / /

Under California law, fraudulent concealment tolls the applicable statute of limitations, but only for that period during which the claim is undiscovered or until such time as the plaintiff, by exercising reasonable diligence, should have discovered the claim. See Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (1994); see also McDaniel v. Lizarraga, 2021 LX 80232, at *15 (E.D. Cal. Apr. 29, 2021). To invoke the doctrine, the plaintiff must plead facts describing: (1) when the fraud was discovered; (2) the circumstances under which the fraud was discovered; and (3) that the plaintiff was not at fault for failing to discovery the fraud or had no actual or presumptive knowledge of the facts sufficient to put him on inquiry. See Baker v. Beech Aircraft Corp., 39 Cal. App. 3d 315, 321 (1974); see also Starr Indem. & Liab. Co. v. JT2, Inc., 2018 U.S. Dist. LEXIS 34660, at *8-9 (E.D. Cal. Mar. 1, 2018).

The issue now being fully briefed in the context of the pending motion to dismiss brought by the State Defendants who have standing to assert the statute of limitations as an affirmative defense, the Court finds that Plaintiffs' fraudulent concealment argument is not persuasive. Plaintiffs' claim of fraudulent concealment stems from the representation made by Ms. Keener in her letter of June 20, 2022, to Plaintiffs' counsel. This letter is referenced in the second amended complaint and, thus, may be considered in the context of the pending motion to dismiss. In this letter, Ms. Keener states her belief – not absolute certainty – that no CSUPD officers were involved in the May 2022 incident. Ms. Keener stated: "My understanding of the incident is that members of the Butte County Sheriff's Office, who were assisting us in this case, were the ones who went to the incorrect apartment unit." ECF No. 20-2 (emphasis added). With her letter, Ms. Keener provided Plaintiff's counsel with a copy of a document entitled "CAD Incident Report" dated June 20, 2022, prepared by the CSUPD. See id. Because this document was part of the June 20, 2022, letter authored by Ms. Keener, it is also properly before the Court. According to Plaintiffs, they first learned of the involvement of CSUPD officers at a deposition taken on November 19, 2024 – over two years following the June 2022 letter and several months after this action was initiated in May 2024 – when Butte County Counsel stated: "So I'll represent to you this guy is from the Chico State Police Department." ECF No. 43, pg. 6.

The Court does not find that Ms. Keener's representation in the June 20, 2022,

letter constitutes active concealment of the participation of CSUPD officers in the May 26, 2022, incident. Instead, the letter states Ms. Keener's belief. Further, with her letter Ms. Keener provided Plaintiffs' counsel with an incident report prepared by CSUPD, which indicates the involvement of various unnamed officers. This should have been sufficient to put Plaintiffs on notice that Ms. Keener could have been mistaken and that, in fact, CSUPD officers may have been involved. Plaintiffs' counsel could have and should have pursued this document further to identify the referenced officers. Moreover, as the State Defendants note, Plaintiffs do not allege that any of the officers involved in the May 26, 2022, incident concealed their identities. Thus, consistent with the requirements for invoking the doctrine of fraudulent concealment, Plaintiffs fail to demonstrate facts showing that they had no presumptive knowledge of the involvement of CSUPD officers, who were at the scene and could have been observed by Plaintiffs just as they observed the Butte County officers.

Given that Plaintiffs had the CAD incident report in their possession as of June 20, 2022 – prior to expiration of the statute of limitations – and given the nature of the statement in Ms. Keener's letter, the Court cannot say that Ms. Keener's statement as to her own belief constitutes misrepresentation or nondisclosure of a material fact bearing on the necessity of bringing a timely suit such as would allow for application of equitable tolling of the two-year statute of limitations. See Vu v. Prudential Property & Casualty Ins. Co., 26 Cal.4th 1142, 1149–1152 (2001).

Documents submitted by Plaintiffs' counsel following the hearing on the pending motion to dismiss confirm the Court's conclusion. The incident in this case occurred on May 26, 2022. Thus, the two-year statute of limitations expired in May 2024, which is when the action was filed as against the County Defendants but not as against the State Defendants. Plaintiff's counsel has provided an email thread which bears significance. See ECF No. 48. Specifically, on July 6, 2023 – before the action was filed and before the statute of limitations ran – Plaintiff's counsel sent the following email message to counsel for the County Defendants:

> Thanks for taking my call. As discussed, I am hoping to clarify whether your understanding is that CSUPD also entered my client Ms. Pello's apartment, along with BCSO.

> As mentioned, CSUPD entering the apartment would be in contradiction to the letter received from the CSUPD records department (provided in the recent discovery sent) stating that members of BCSO were the ones who went to the incorrect apartment unit, and my understanding of the separate CAD incident reports that indicate the same.
>
> Id. at 1.

In response, on the same day counsel for the County Defendants stated:

> It is my understanding that CSUPD participated in the briefing and planning that led to the mistaken entry into the wrong apartment and also that CSUPD were on scene in the parking lot when deputies made entry, but I do not think any CSUPD offers were part of the initial entry / protective sweep. I believe one or more CSUPD officers entered Plaintiff's apartment and spoke to Plaintiff after the BSCO officers realized it was the wrong apartment. Hopefully that answers your questions. Please feel free to let me know if you would like to discuss further. Thank you.
>
> Id.

This email exchange demonstrates that, as of July 6, 2023 – before expiration of the limitations period – Plaintiffs' counsel had some basis to believe that CSUPD officers were involved. Despite this belief, Plaintiffs did not name the State Defendants in the original complaint filed in May 2024, though they easily could have and should have been named in an abundance of caution. The email exchange also confirms that, in fact, CSUPD officers were involved in some way and were on the scene on May 26, 2022. Additionally, as discussed above and noted by the State Defendants, Plaintiffs were also on the scene on May 26, 2022, and were in a position to see everyone involved, including the CSUPD officers. The Court concludes that Plaintiffs are not entitled to invoke the defense of fraudulent concealment because they have not alleged facts demonstrating a lack of presumptive, if not actual, knowledge of the involvement of CSUPD officers in the May 26, 2022, incident.

## III. CONCLUSION

In granting leave to amend to add Ms. Pello as a plaintiff in this case, the Court observed that Plaintiff Pello's claims (Counts III, V, VI, VII, VIII, IX, X, XI, XII, and XIII) are all alleged as against the State Defendants only. See ECF No. 25. Plaintiff Pello alleges no

claims as against the originally named County Defendants, with whom Plaintiff Pello reached a settlement in a prior action. See id.; see also ECF No. 38 (second amended complaint). Thus, with dismissal of the State Defendants on statute of limitations grounds, there is no basis for Plaintiff Pello to remain in the action. Given that Plaintiff Pello was added solely in order to pursue claims against defendants who are now being dismissed, Ms. Pello will also be dismissed as a plaintiff to this action, which will proceed as originally pleaded as to Plaintiff Gastelum's claims against the County Defendants only.[2]

Accordingly, IT IS HEREBY ORDERED as follows:

1. The State Defendants' motion to dismiss, ECF No. 42, is granted.

2. The State Defendants (Bryce Davison, Durl White, William Kolb, Kimberly Biswell, and the Board of Trustees of the California State University) are dismissed from this action with prejudice.

3. Heather Pello is dismissed as a plaintiff to this action, which shall proceed as to Plaintiff Cesar Gastelum's claims against the County Defendants only.

Dated: August 24, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff Gastelum's claims are the subject of the pending motion for summary judgment.